[Argued January 31, 1893; decided February 13, 1893.]

## SARAH McATEE v. B. C. McATEE, ADMR.

[S. C. 32 Pac. Rep. 297.]

PROBATE— CODE, § 1127 —ALLOWANCE TO WIDOW.—Under Hill's Code, § 1127, making it the duty of the county court, on filing the inventory of an estate, to make an order setting apart for the widow all the property of the estate exempt from execution, the court may appoint a commissioner, with the consent of the widow, to make a selection, and, on approval of such selection, it becomes the act of the court; and if the widow is satisfied, and the selected property is exempt from execution, the administrator cannot complain.

Wasco County: JAMES A. FEE, Judge.

Defendant appeals. Affirmed.

*Alfred S. Bennett*, and *J. L. Story*, for Appellant.

*Bela S. Huntington (Mays & Wilson* on the brief), for Respondent.

BEAN, J.—Upon the filing of the inventory of the estate of William H. McAtee, deceased, his widow filed her petition, asking that all the property of the estate exempt from execution be set apart to her. Upon the hearing of this petition, the county court allowed the same and made an order setting apart to her all the property exempt from execution, namely, books, pictures and

musical instruments, to the value of seventy-five dollars; tools, implements, apparatus, team not exceeding two horses, vehicles and harness, to the value of four hundred dollars; also food sufficient to support such team for sixty days; two cows, five swine, household goods, furniture and utensils, to the value of three hundred dollars, and also food to support such animals for three months; and appointed one Robert Mays as a commissioner to make a selection of such exempt property from the other property belonging to the estate, and report the same to the court. Upon the coming in of his report, in which the property selected by him was particularly listed and described, the court ratified and confirmed the same, and ordered the property so described to be delivered by the administrator to the widow as her property. which she accepted, and, so far as this record discloses, is entirely satisfied with the order and action of the county court in the premises. The administrator, however, filed objections to the report of the commissioner, which were overruled, and he appeals, claiming that the action of the county court in appointing Mr. Mays to make the selection of the property was unauthorized by law, and that all action had therein is void. By section 1127, Hill's Code, it is made the duty of the county court or judge thereof, upon the filing of the inventory of an estate, to make an order setting apart for the widow of the deceased, if any, all the property of the estate by law exempt from execution, and we can conceive of no valid objection to the county court appointing a commissioner, with the consent of the widow, to make a selection of such exempt property from the other property belonging to the estate, subject, of course, to the approval of the court. When such selection is made by the commissioner and approved by the court, it becomes the act of the court, and if the widow is satisfied, the administrator has no cause of complaint, provided the property so selected is in fact exempt by law from execution. Under the law, the widow is entitled to all the property belonging to the

estate exempt from execution, and the method or procedure adopted by the court to ascertain the particular property so exempt is not very material so long as the provisions of the statute are not disregarded and the widow is satisfied.   In this case it is not claimed that the property selected by the commissioner, and by the court set apart for the widow, is not in fact exempt by law from execution; but the only objection is as to the procedure adopted by the court to ascertain the description of the property so exempt, and this objection is, we think, not well taken.   Counsel for appellant in their brief say:  ''The single question presented is, whether the widow of a deceased person can take under the will, and at the same time claim and take the benefit of an allowance of exempt property inconsistent therewith.'' Although this question was argued at length by appellant's counsel at the hearing, and is the only question noted in their brief, it is not presented in this case, because the record before us does not show even the existence of a will, much less its terms and provisions, and until the question is properly presented we must decline to consider or decide it.

The decree of the court below is therefore affirmed.